IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. TOWNES,

        Plaintiff,                      No. CIV S-08-0205 LKK DAD PS

    vs.

RADIO SHACK,                        FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        Plaintiff is proceeding in this action pro se. The Clerk of the Court has construed his pleading as a civil rights complaint, and the matter has been referred to a United States Magistrate Judge in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff, who resides in San Jose, California, describes in his complaint an incident that occurred in a mall in Milpitas, California. The caption of the complaint identifies Radio Shack as the defendant, but plaintiff alleges that two employees of the Radio Shack located in the Milpitas Great Mall acted against company policy and engaged in "discriminate and disrespectful behavior" when they refused to give him a refund for a DVD player that was only "scuffed" and had only been used for two weeks. Plaintiff subsequently took the machine to a Radio Shack in San Jose, where he was permitted to exchange the item. All of the events described in plaintiff's complaint occurred within Santa Clara County.

Plaintiff's complaint does not allege facts that would support diversity jurisdiction. The applicable venue statute provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Where a plaintiff has filed an action in a district where venue is not proper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, all of the events giving rise to plaintiff's claim occurred within the judicial district of the United States District for the Northern District of California. It appears likely that the individual defendants reside in that district as well. Because there is no basis for venue in the Eastern District of California, this action must be dismissed or transferred.

Plaintiff has not alleged state action, has not sued a state actor, and has not invoked a federal constitutional right. Thus, plaintiff has failed to state a claim cognizable under 42 U.S.C. § 1983. Nor do plaintiff's allegations suggest a plausible claim under a federal statute prohibiting discrimination. Dismissal of this action without prejudice will not prejudice plaintiff because the incident occurred on January 8, 2008, and plaintiff will be free to file a new action in the United States District Court for the Northern District of California.

The undersigned finds that the interest of justice does not require transfer of this action rather than dismissal. See King v. Russell, 963 F.2d 1301, 1304-05 (9th Cir. 1992) (affirming refusal to transfer an action under 28 U.S.C. § 1406); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983) (affirming district court's refusal to transfer federal defendants' claims rather than dismiss them). See also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding that a district court may raise the issue of

defective venue sua sponte and dismiss the action, as long as the defendants have not already waived objections to venue).

        IT IS RECOMMENDED that:

        1. Plaintiff's January 28, 2008 application to proceed in forma pauperis be denied; and

        2. This action be dismissed without prejudice because venue is not proper in this district.

        These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file any written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2008.

                               /s/ Dale A. Drozd
                               DALE A. DROZD
                               UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\townes0205.f&r.venue